UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT BERNARD HEARD,

        Petitioner,                  Case Number: 04-70677

v.                                    HON. GERALD E. ROSEN

MILLICENT WARREN,

        Respondent.
_____/

## OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY, MOTION FOR APPOINTMENT OF COUNSEL, AND MOTION FOR STAY AND ABEYANCE

Petitioner Lamont Bernard Heard filed a *pro se* petition for a writ of habeas corpus. On March 9, 2005, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Petitioner has filed a Notice of Appeal. Also before the Court is Petitioner's Motion for Appointment of Counsel and Motion for Stay and Abeyance.

First, Petitioner requests the appointment of counsel on appeal. There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of

justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Court determines after careful consideration that the interests of justice do not require appointment of counsel.

Second, Petitioner has filed a Motion for Stay and Abeyance. Petitioner moves for the Court to hold the petition in abeyance if the Court denies his Motion for Appointment of Counsel. Petitioner requests the stay so that he may "pursue relief in state court on unrelated matters, with the habeas corpus is preserve [sic] for review at a later date." The Court already has issued a dispositive order addressing the merits of Petitioner's habeas claims. Therefore, a stay at this point in the proceedings is inappropriate.

Finally, Petitioner has filed a Notice of Appeal. Thus, the Court must determine whether Petitioner is entitled to a certificate of appealability (COA). *See* Castro v. United States, 310 F.3d 900, 901-02 (6th Cir. 2002) (holding that "a district judge must issue or deny a COA if an applicant files a notice of appeal" without awaiting the filing of an application for a certificate of appealability).

Before Petitioner can appeal the Court's decision, a certificate of appealability under 28 U.S.C. §§ 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the petition is dismissed on procedural

grounds, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Id.  (quoting Barefoot v. Estelle, 463 U.S. 890, 898 n.4 (1983)).

Petitioner's Notice of Appeal does not state particularly why a certificate should issue under the standard set forth in Slack.  Where Petitioner does not provide a reasoned explanation to suggest why reasonable jurists would debate the Court's conclusion, the Court relies on all the reasons stated in its Opinion and Order Denying Petition for a Writ of Habeas Corpus and concludes that Petitioner is not entitled to a certificate of appealability.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Petitioner's Request for Certificate of Appealability, Motion for Appointment of Counsel, and Motion for Stay and Abeyance are **DENIED**.

Dated:  April 18, 2005                                                     s/Gerald E. Rosen                           
                                                                       GERALD E. ROSEN
                                                                       UNITED STATES DISTRICT JUDGE

PROOF OF SERVICE

I hereby certify that a copy of the foregoing Order was served on the attorney(s)/party(ies) of record on April 18, 2005, by either electronic means or U.S. Mail.

                                                                       s/Donna D. Vinson                        
                                                                       Judicial Assistant